IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO CRUZ,  <br>          Plaintiff,  <br>          vs.  <br>  <br>JAMES TILTON, et al.,  <br>          Defendants. | CV F 07 1606 LJO WMW PC  <br>  <br>ORDER GRANTING LEAVE TO  <br>FILE AN AMENDED COMPLAINT  <br>  <br>(THIRTY DAY DEADLINE) |

Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Pleasant Valley State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Pleasant Valley State Prison.

Plaintiff's  claims in this complaint relate to the conditions of his confinement. Specifically, Plaintiff alleges that he was subjected to an inadequate medical care.  Plaintiff's allegations stem from his diagnosis of valley fever.

Plaintiff alleges that in February of 2007 he became ill.  Plaintiff was seen and

1

"examined" at the medical clinic by Defendant Ryan, a registered nurse.  Ryan advised Plaintiff that "it's nothing but a cold going around.  Go back to the cell and get over it."  Two days later, Plaintiff's condition worsened.  Plaintiff began experiencing a persistent cough, sweating, a decreased appetite and difficulty breathing.   Plaintiff filed another request for a medical appointment.

Plaintiff was again seen by Defendant Ryan.  Plaintiff told Ryan that he believed he may be suffering from valley fever.  Ryan told Plaintiff: "You're faking it. Get out of here."  Ryan advised Plaintiff that all he could do for him was place him on the list for "doctor's line."  Plaintiff was eventually seen by a physician and diagnosed with valley fever.

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'"  Id.  (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."  Id. at 1132.

Liberally construed, it appears that Plaintiff is alleging that Defendant Ryan denied him treatment at the second appointment, despite obvious symptoms of ill health.  Such an allegation states a claim for relief as to Defendant Ryan.  Plaintiff is cautioned, however, that a disagreement with a diagnosis or treatment does not state a claim for relief. .  Sanchez v. Vild, 891 F.2d  240 (9th Cir. 1989).  Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

The remaining defendants are supervisory defendants. Liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that facts indicating that the supervisory defendants participated in, or knew of and failed to prevent, the alleged wrongs.

The court will grant Plaintiff leave to file an amended complaint. Should Plaintiff fail to do so, the court will order service of the original complaint upon Defendant Ryan, and recommend dismissal of the remaining defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of service of this order to file a

first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

IT IS SO ORDERED.

**Dated:   July 14, 2008**                                /s/  William M. Wunderlich
                                                                         UNITED STATES MAGISTRATE JUDGE