IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODOLFO CRUZ,

    Plaintiff,                         CV F 07 1606 LJO WMW PC

    vs.                               ORDER GRANTING LEAVE TO
FILE AN AMENDED COMPLAINT

(THIRTY DAY DEADLINE)

JAMES TILTON, et al.,

    Defendants.

    Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Pleasant Valley State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Pleasant Valley State Prison.

    Plaintiff's  claims in this complaint relate to the conditions of his confinement. Specifically, Plaintiff alleges that he was subjected to an inadequate medical care.  Plaintiff's allegations stem from his diagnosis of valley fever.

    Plaintiff alleges that in February of 2007 he became ill.  Plaintiff was seen and

1

"examined" at the medical clinic by Defendant Ryan, a registered nurse. Ryan advised Plaintiff that "it's nothing but a cold going around. Go back to the cell and get over it." Two days later, Plaintiff's condition worsened. Plaintiff began experiencing a persistent cough, sweating, a decreased appetite and difficulty breathing. Plaintiff filed another request for a medical appointment.

Plaintiff was again seen by Defendant Ryan. Plaintiff told Ryan that he believed he may be suffering from valley fever. Ryan told Plaintiff: "You're faking it. Get out of here." Ryan advised Plaintiff that all he could do for him was place him on the list for "doctor's line." Plaintiff was eventually seen by a physician and diagnosed with valley fever.

In an order entered on July 15, 2008, Plaintiff was advised of the following. Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

Liberally construed, it appears that Plaintiff is alleging that Defendant Ryan denied him treatment at the second appointment, despite obvious symptoms of ill health. Such an allegation states a claim for relief as to Defendant Ryan. Plaintiff is cautioned, however, that a disagreement with a diagnosis or treatment does not state a claim for relief. . Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989). Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

The remaining defendants are supervisory defendants. Liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that facts indicating that the supervisory defendants participated in, or knew of and failed to prevent, the alleged wrongs.

Plaintiff was granted leave to file an amended complaint. Plaintiff was specifically advised that if he failed to do so, the court would direct service of the original complaint upon Defendant Ryan, and recommend dismissal of the remaining defendants.

Plaintiff has failed to file an amended complaint. Accordingly, IT IS HEREBY RECOMMENDED that Defendants Schwarzenegger, Tilton, Kernan, Yates, Beels and Igbinosa be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 19, 2008**          /s/  **William M. Wunderlich**
                                      UNITED STATES MAGISTRATE JUDGE